IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARRELL VERNARD SIRMANS,

     Plaintiff,

v.                                                      CASE NO. 1:19-cv-85-MW-GRJ

STATE OF FLORIDA,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Alachua County Jail, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper.  ECF Nos. 1, 2.  The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the following reasons, the undersigned recommends that this case be dismissed.

Plaintiff's allegations are somewhat difficult to construe.  Plaintiff alleges that he was arrested on March 14, 2019, for an unspecified crime.  Plaintiff states that the victim of the crime accused Plaintiff of having a knife.  Plaintiff denies that he had a knife and asserts that "the case is all about he say, they say."  ECF No. 1 at 5.  Plaintiff appears to claim that he has been falsely arrested and charged.  For relief, he seeks "all the time

[Plaintiff] did or doing in jail."  Plaintiff also suggests he was injured during his arrest.  *Id.* at 7.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 7.  The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failing to state a claim, or prior to service," and if so to "identify each and every case so dismissed."  *Id.* at 3-4.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  *Id.* at 3.

In response to these questions, Plaintiff denied that he has filed any prior federal civil cases.  *Id.* at 3-4.  However, a review of the Court's PACER Case Locator reflects that Plaintiff currently has two cases pending

in this Court:  *Sirmans v. Alachua Sheriff's Office,* Case No. 1:19-cv-71-MW-GRJ (pending); and *Sirmans v. Cates,* Case No. 1:19-cv-75-MW-GRJ (Report and Recommendation for dismissal entered 4/25/19).  The Court has determined that the plaintiff in the prior cases is the same as the plaintiff in this case, having Alachua County inmate #DOJ02MN1035155.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the

parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. The Court has not done so because there can be no plausible excuse for Plaintiff's failure to disclose the existence of two pending federal cases filed within two weeks of the instant case.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g). If Plaintiff elects to re-file his claims, he is cautioned that he must exercise candor in completing the Complaint form and failure to do so could result in the imposition of another "strike". Once Plaintiff has incurred three strikes, he will be unable to proceed as a pauper in a civil case filed in federal court, absent a showing that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED**

and this case should be **DISMISSED without prejudice** as malicious for

abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b).

        **IN CHAMBERS** this 16th day of May 2019.

                        _s/Gary R. Jones_
                        GARY R. JONES
                        United States Magistrate Judge


<u>**NOTICE TO THE PARTIES**</u>

        **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. _See_ 11th Cir. Rule 3-1; 28 U.S.C. § 636.**